IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | | |
| Plaintiff, | No. CIV S-10-3037 FCD DAD | |
| v. | | |
| EDITH SILVINA SALCEDO and MARIA TERESA SALCEDO, INDIVIDUALLY and d/b/a SILVINA'S BASKET, | | |
| Defendants. | FINDINGS & RECOMMENDATIONS | |
| _____/ | | |

      This matter first came before the court on May 20, 2010, for hearing of plaintiff's motion for default judgment. (Doc. No. 9). Andre Lelievre, Esq., who is not an attorney of record in this case, appeared specially for attorney Thomas P. Riley. Jr. on behalf of plaintiff. Defendant Maria Teresa Salcedo appeared on her own behalf. No appearance was made by or on behalf of defendant Edith Silvina Salcedo. At that time the hearing was continued by the court to June 17, 2011, to provide defendant Maria Salcedo with an opportunity to discuss the case with her sister, defendant Edith Salcedo, and to contact plaintiff's attorney of record.

      The matter came before the court on June 17, 2011, for further hearing of plaintiff's motion. Brian Wanerman, Esq., who is not an attorney of record in this case, appeared specially for attorney Thomas P. Riley. Jr. on behalf of plaintiff. Defendant Maria Teresa

1  Salcedo appeared on her own behalf.  No appearance was made by or on behalf of defendant
2  Edith Silvina Salcedo.

3  The court's records reflect that on May 23, 2011, plaintiff filed a notice of the
4  filing of a bankruptcy petition by defendant Edith Silvina Salcedo on May 12, 2011.  (Doc. No.
5  12.)  On May 24, 2011, the assigned district judge granted plaintiff's request that this action be
6  stayed as to defendant Edith Silvina Salcedo, individually and d/b/a Silvina's Basket, <u>only</u>,
7  pending disposition of plaintiff's claims against defendant Edith Silvina Salcedo in the
8  bankruptcy proceeding.  (Doc. No. 13.)

9  Upon hearing the arguments of plaintiff's representative and of defendant Maria
10  Teresa Salcedo, the undersigned determined that plaintiff's motion is premature because there are
11  two defendants in this action and the motion for default judgment is stayed with respect to one of
12  them.  When a plaintiff seeks final judgment against fewer than all claims or defendants, Federal
13  Rule of Civil Procedure 54(b) applies.  See <u>Baker v. Limber</u>, 647 F.2d 912, 916 (9th Cir. 1981)
14  (applying Rule 54(b) to default judgment).  Rule 54(b) provides as follows:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.**  When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim for relief – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties <u>only if the court expressly determines that there is no just reason for delay</u>.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

22  Fed. R. Civ. P. 54(b) (emphasis added).  Here, plaintiff's motion provides no basis for an express
23  determination by the court that there is no just reason for delay in entering a default judgment
24  against one of two defendants.

25  The Ninth Circuit has counseled caution with respect to judgments under Rule
26  54(b).

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.  The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order.  Those findings should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court.  A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings.

Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).  See also Wood v. GCC Bend, LLC, 422 F.3d 873, 879 (9th Cir. 2005) (reversing the district court's order granting plaintiff's Rule 54(b) request because the case was routine, partial adjudication of one of several related claims or issues during the litigation was also routine, and the case would inevitably return to the appellate court on the same set of facts).  In Wood, the Ninth Circuit noted that it "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason," such as the possibility that the plaintiff would gain or lose a significant amount of money if the appeal was not heard until the end of the litigation.  422 F.3d at 882.  See also Eugene N. Gordon, Inc. v. La-Z-Boy, Inc., No. 2:06-cv-2353 MCE DAD, 2007 WL 2688843, at *4 (E.D. Cal. Sept. 13, 2007) (denying defendant's Rule 54(b) motion to enter final judgment on the claims of certain plaintiffs where defendant failed to identify any facts pointing to a harsh and unjust result if the court did not grant the motion).

The present case is not "the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties," and the identical nature of the legal and factual issues against the remaining defendant weighs heavily against entry of judgment under Rule 54(b).  There is no evidence that a Rule

/////

54(b) judgment against defendant Maria Teresa Salcedo is necessary to avoid a harsh and unjust result.

Accordingly, IT IS RECOMMENDED that plaintiff's April 5, 2011 motion for default judgment (Doc. No. 9) be denied without prejudice as premature.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 18, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\jjsp-salcedo3037.mdj.f&r