IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,  )
                                                )   2:10-cv-03037-GEB-AC
           Plaintiff,  )
                                 )
    v.  )   ORDER TO SHOW CAUSE AND
                                 )   CONTINUING FINAL PRETRIAL
EDITH SILVINA SALCEDO, and MARIA  )   CONFERENCE
TERESA SALCEDO, invidually and  )
d/b/a SILVINAS BASKET,  )
                                 )
           Defendants.  )
_____)

         The March 26, 2012 Status (Pretrial Scheduling) Order scheduled a final pretrial conference in this case for March 4, 2013, at 1:30 p.m. The March 26th Status Order required each party to file a separate pretrial statement, as well as a joint pretrial statement. (See ECF No. 28, 5:1-6:16.) No separate pretrial statements or joint statement was filed as required.

         Therefore, Plaintiff and Defendant Maria Teresa Salcedo are Ordered to Show Cause ("OSC") in a writing to be filed no later than March 15, 2013, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for the failure to timely file final pretrial statements. The written response shall also state whether Plaintiff or its counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is

---

[1] "If the fault lies with the attorney, that is where the impact
(continued...)

1

requested, it will be held on March 25, 2013, at 11:00 a.m., just prior to the final pretrial conference, which is rescheduled to that date and time.

    The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing <u>in propria persona</u> must attend the pretrial conference.

    The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." <u>Portsmouth Square v. S'holders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).

    The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference.[2] The joint pretrial statement shall address the applicable portions of Local Rule 281(b), and shall set forth each theory of liability ("claim") and affirmative defense which remains to be tried, and the ultimate facts on which each theory/defense is based. Furthermore, each party shall

---

[1](...continued)
of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." <u>Matter of Sanction of Baker</u>, 744 F.2d 1438, 1442 (10th Cir. 1984), <u>cert</u>. <u>denied</u>, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. <u>In re Hill</u>, 775 F.2d 1385, 1387 (9th Cir. 1985).

[2] The failure of one of the parties to participate in the preparation of the joint pretrial statement does not excuse the other party from its/her obligation to timely file a pretrial statement in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the pretrial statement shall include a declaration explaining why it was unable to obtain the cooperation of the other party.

2

estimate the length of trial.[3] The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999)("There is no requirement that the court hold a pretrial conference.").

If feasible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

IT IS SO ORDERED.

Dated: February 27, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[3] If a trial by jury has been preserved, the joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.